FILED

11/29/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0211

DA 15-0211

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 310N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

SHAY NICOLE MCFEE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. DC 14-01
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Chief Appellate Defender, Danny Tenenbaum, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant Attorney General, Helena, Montana

          Merle Raph, Toole County Attorney, Shelby, Montana

Submitted on Briefs:  October 19, 2016

Decided:  November 29, 2016

Filed:

_____
                  Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Shay Nicole McFee (McFee) appeals her conviction from the Ninth Judicial District Court, Toole County, entered on February 12, 2015. The State charged McFee with four counts of drug possession, in violation of § 45-9-102, MCA, and one misdemeanor count of possession of drug paraphernalia, in violation of § 45-10-103, MCA. McFee filed a motion to suppress arguing her encounter with law enforcement was an illegal seizure and that evidence recovered from her vehicle should be suppressed. Following briefing and a hearing, the District Court denied the defense's motion to suppress.

¶3 The State amended the Information to include additional misdemeanors of driving under the influence, in violation of § 61-8-401, MCA, and another criminal possession of drugs, in violation of § 45-9-102, MCA. The parties entered into a plea agreement, reserving McFee's right to appeal the denial of her motion to suppress. McFee pleaded guilty to all of the offenses and was sentenced following completion of a presentence investigation report. We affirm.

¶4 The issue on appeal is whether the District Court erred when it failed to find that law enforcement had seized McFee.

¶5      On December 17, 2013, at approximately 1:00 p.m. Deputy Anderson and Deputy Donahue were on regular patrol in Shelby, Montana, in a marked patrol car. Deputy Anderson observed a car parked in an isolated area east of town. The area could only be accessed by a single two-track path off the end of a street. Deputies Anderson and Donahue drove up the path towards the area. Upon reaching the area Deputy Anderson parked the patrol vehicle towards the side, about half of a car length behind the parked vehicle. The Deputies did not activate their patrol vehicle's emergency lights.

¶6      Deputy Anderson then exited the patrol vehicle and approached the parked car. He did not lay his hand on his weapon while he approached. The driver, McFee, rolled down her window as Deputy Anderson approached. Deputy Anderson testified that he immediately smelled burnt marijuana and noticed that McFee's eyes appeared glassy and red. Less than a minute after Deputy Anderson exited the patrol vehicle, Deputy Donahue got out and approached the rear of McFee's vehicle on the passenger side where McFee's passenger was sitting in the front seat. Deputy Anderson proceeded to question McFee asking her what they were doing in the area and if they were smoking marijuana. McFee eventually admitted to smoking marijuana.

¶7      During the discussion with McFee and the passenger, Deputy Anderson observed a plastic baggie tucked under McFee's left leg and an open gym bag in the backseat with a container of marijuana. Deputy Anderson requested permission to search the vehicle. When McFee refused, her vehicle was secured and Deputy Anderson placed McFee under arrest. The car was towed to the Toole County Sheriff's Department. After

3

obtaining a search warrant, multiple types of drugs in various amounts and drug paraphernalia were recovered from the vehicle.

¶8    "We review the grant or denial of a motion to suppress to determine whether the district court's findings of fact are clearly erroneous and whether the court correctly interpreted and applied the law to those facts." *State v. Ballinger*, 2016 MT 30, ¶ 12, 382 Mont. 193, 366 P.3d 668. "A finding of fact is clearly erroneous if it is not supported by substantial evidence[.]" *State v. Wagner*, 2013 MT 159, ¶ 9, 370 Mont. 381, 303 P.3d 285.

¶9    We have often stated that not every interaction between a citizen and the police constitutes a seizure. *State v. Strom*, 2014 MT 234, ¶ 10, 376 Mont. 277, 333 P.3d. 218. To determine whether a seizure has occurred, we assess whether a reasonable person would, when considering all the circumstances, feel free to leave the interaction. *Strom*, ¶ 10. If a reasonable person would feel free to leave then a seizure has not occurred. *Strom*, ¶ 10. Some of the factors indicating a seizure are "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Strom*, ¶ 10 (citing *Mendenhall*, 446 U.S. at 554, 100 S. Ct. at 1877). While relying on these factors, we have also explained that the factors are not exhaustive and whether a seizure has occurred depends on the circumstance of the particular case. *Ballinger*, ¶ 18.

¶10    When considering these factors, as well as all the circumstances surrounding this encounter, we conclude the court correctly determined that McFee was not seized.

4

Despite what McFee has described as an inability to maneuver her vehicle out of the area, the record does not support such a conclusion. Further, the patrol vehicle did not have its emergency lights on; Deputy Anderson was the only deputy to initially approach the vehicle; Deputy Anderson did not act in a threatening or authoritative manner; and Deputy Anderson did not demand anything of McFee. These facts substantiate the court's conclusion that McFee was not seized. Based on settled caselaw, we conclude the District Court's findings of fact were not clearly erroneous and that the court correctly interpreted and applied the law to the facts.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of relevant standards of review.

¶12 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE
/S/ MICHAEL E WHEAT